UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                           CASE NO: 2:16-cr-81-FtM-38CM

BROWN LASTER, JR.

## **OPINION AND ORDER**[1]

This matter comes before the Court on Brown Laster, Jr.'s ("Laster") Renewed Motion for Bond (Doc. 234) filed on June 21, 2017. The Government filed a Response in Opposition (Doc. 244) on June 26, 2017. This matter is ripe for review.

## **BACKGROUND**

Laster was indicted and arrested for conspiracy to possess with intent to distribute and to distribute methamphetamine. (Docs. 3; 16). After a detention hearing, Magistrate Judge Mirando ordered Laster detained without prejudice based on the "Pretrial Services Report, proffers and arguments of counsel, and the findings and analysis of the matters enumerated in 18 U.S.C. § 3142(g) and § 3142(e)(3)." (Doc. 27). Thereafter, Laster renewed his motion for bond and the Government opposed. (Docs. 86; 101). Laster's renewed motion for bond was denied without prejudice after his prior counsel withdrew. (Doc. 109). Laster, after obtaining new counsel, supplemented his renewed motion for

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

bond. (Doc. 114). Laster's supplemental motion was denied, in part, because he failed to raise new information not known to him at the time of the original detention hearing. (Doc. 115). The order also noted that Laster was detained "based on factors other than the weight of the evidence against him," and he failed to present new evidence that had a material bearing on the other factors. (Doc. 115).

Now, Laster moves this Court to reconsider the previous order denying him bond. (Doc. 234). He argues that circumstances have materially changed because a jury could not reach a guilty verdict after his trial, and therefore the evidence is weak. (Doc. 234 at 1-2). The Government opposes Laster's Motion and argues that he failed to raise information not known to him at the time of hearing. (Doc. 244 at 1). Further, the Government states that Laster is a danger to the community and cooperating witnesses. (Doc. 244 at 2).

## DISCUSSION

Section 3142(f) allows a hearing to be reopened if "information exists that was not known to the movant at the time of the hearing and has a material bearing on the issue whether there are conditions of release that will reasonable assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). Here, Laster relies on the jury's inability to return a guilty verdict as confirmation that the evidence is weak. (Doc. 234). But, simply because a jury fails to return a verdict does not automatically dictate the measure of a case. A blanket statement that the Government's evidence against Laster is weak is not enough, and Laster fails to present or identify evidence that was not known at the time of the detention hearing.

Laster also argues that his presumption of innocence has become a significant factor that must be considered by the Court. (Doc. 234 at 2). Contrary to Laster's position, the presumption of innocence is not a factor a court must take into account when determining whether there are conditions of release that will reasonable assure the appearance of the person required and the safety of any other person and the community. *See* 18 U.S.C. § 3142(g). Accordingly, the Court denies his Renewed Motion for Bond.

Accordingly, it is now

**ORDERED:**

Defendant Brown Laster, Jr.'s Renewed Motion for Bond (Doc. 234) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this July 11, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record