UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                              CASE NO: 2:16-cr-81-FtM-38CM

BROWN LASTER, JR.,
JERRY BROWDY and
WESLEY PETIPHAR

## **OPINION AND ORDER**[1]

This matter comes before the Court on the Government's Motion in Limine to Preclude Defendants from Introducing Evidence Related to the Prosecution of Steven Burch and Herbert Battle (Doc. 273) filed on July 3, 2017. In particular, the Government seeks to exclude a recording involving Steven Burch and Herbert Battle. (Doc. 273). No Defendant has responded, and the time to do so has expired. (Doc. 238 at ¶ 2). This matter is ripe for review.

As way of background, Defendants Brown Laster, Jr., Jerry Browdy, and Wesley Petiphar were indicted for conspiring to possess with intent to distribute and to distribute methamphetamine. (Doc. 3). This matter went to trial in June 2017. Before that trial, the Government filed a similar motion seeking identical relief. (Doc. 175). The Court heard argument from counsel at the final pretrial conference and reserved ruling. Before

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

opening statements, the Court informed the parties that it would listen to the evidence presented at trial to determine whether the recording was admissible, and the parties should not reference the recording. The issue presented itself at trial, and the Court did not allow reference to the recording. Ultimately, the Court denied the issue as moot after Defendants failed to raise the issue before they rested. (Doc. 214). The case ended in a mistrial after the jury could not reach a verdict.

Now, the Government again seeks to exclude the recording involving Steven Burch and Herbert Battle as inadmissible evidence. It argues that the recording is hearsay that does not fall within the coconspirator exception because it is evidence of a separate conspiracy. (Doc. 238). At this time, the Court agrees. Based on the record, counsels' previous arguments, and the evidence presented at the first trial, the Court finds the recording to be inadmissible hearsay. *See* Fed. R. Evid. 801. However, like the first trial, this ruling does not foreclose Defendants from raising the issue at sidebar during trial should it appear based upon the evidence that it is admissible.

Accordingly, it is now

**ORDERED:**

Government's Motion in Limine to Preclude Defendants from Introducing Evidence related to the Prosecution of Steven Burch and Herbert Battle (Doc. 273) is **GRANTED**.

**DONE AND ORDERED** at Fort Myers, Florida, this July 11, 2017.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record