UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO: 2:16-cr-81-FtM-38CM

BROWN LASTER, JR.
_____

**<u>ORDER</u>**[1]

This matter comes before the Court on Brown Laster, Jr.'s Motion for New Trial (Doc. 410) filed on October 23, 2017. The Government filed a Response in Opposition (Doc. 413) on November 6, 2017.

Following a seven-day jury trial, Laster, Jerry Browdy, and Wesley Petiphar were found guilty of conspiracy to possess with intent to distribute methamphetamine. (Doc. 350). As best the Court can discern, Laster now renews his motion for judgement of acquittal under Rule 29, requests a new trial under Rule 33, and argues the evidence presented at trial materially varied from the indictment. (Doc. 410). The Government opposes Laster's Motion. (Doc. 413). The Court will address the arguments in turn.

To start, Laster renews his motion for judgment of acquittal. Federal Rule of Criminal Procedure 29 provides that "[i]f the jury has returned a guilty verdict, the court

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

may set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c). When evaluating such a motion, the Eleventh Circuit outlined the following legal principles:

> In considering a motion for the entry of a judgment of acquittal, a district court must view the evidence in the light most favorable to the government, and determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt. The prosecution need not rebut all reasonable hypotheses other than guilt. The jury is free to choose between or among the conclusions to be drawn from the evidence presented at trial, and the district court must accept all reasonable inferences and credibility determinations made by the jury. The [d]istrict [c]ourt's determination that the evidence introduced at trial was insufficient to support the jury's verdict of guilt is [an] issue of law entitled to no deference on appeal.

U.S. v. Miranda, 425 F.3d 953, 959 (11th Cir. 2005). "A jury's verdict cannot be overturned if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt." U.S. v. Friske, 640 F.3d 1288, 1291 (11th Cir. 2011) (quoting U.S. v. Herrera, 931 F.2d 761, 762 (11th Cir. 1991)). Under this standard, the Court continues to find that the Government met its burden as to all elements of a single conspiracy charge.

To the extent that Laster argues that a new trial should be granted because the interest of justice so requires, the Court also denies that request. Rule 33 provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). It also allows the district court to weigh the evidence and consider the credibility of the witnesses, but to grant a motion for new trial, the "evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." Butcher v. United States, 368 F.3d 1290, 1297 (11th Cir. 2004) (quoting U.S. v. Martinez, 763 F.2d 1297, 1313 (11th Cir. 1985)). Here, the Court is satisfied that the evidence is not against the verdict such that a miscarriage of justice has occurred.

2

Finally, Laster argues there was a material variance between the indictment, which alleged a single conspiracy, and the evidence presented at trial, which Laster argues represented multiple conspiracies. (Doc. 410). "The standard of review for whether there is a material variance between the allegations in the indictment and the facts established at trial is twofold: First, whether a material variance did occur, and, second, whether the defendant suffered substantial prejudice as a result." U.S. v. Lander, 668 F.3d 1289, 1295 (11th Cir. 2012) (quoting U.S. v. Chastain, 198 F.3d 1338, 1349 (11th Cir. 1999)). A material variance occurs if the government proves multiple conspiracies at trial and only a single conspiracy was alleged in the indictment. U.S. v. Holt, 777 F.3d 1234, 1262 (11th Cir. 2015). In this case, the evidence presented a trial supported a finding of a single conspiracy, and therefore the Court finds no material variance. But even if a material variance occurred, Laster's conclusory argument that he suffered substantial prejudice is unsupported and unconvincing. *See generally* U.S. v. Alred, 144 F.3d 1405, 1415 (11th Cir. 1998) (emphasizing that a variance is not always prejudicial and prejudice is not assumed). For the above reasons, the Court denies Laster's Motion.

Accordingly, it is now

**ORDERED:**

Brown Laster, Jr.'s Motion for New Trial (Doc. 410) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this November 14, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record